IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| AZZEDINE FAIDY | § |
| VS. | §     CIVIL ACTION NO. 1:07cv14 |
| UNITED STATES OF AMERICA | § |

<u>MEMORANDUM OPINION</u>

Movant Azzedine Faidy, an inmate confined in Federal Correctional Center in Pecos, Texas, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Movant challenges the legality of his conviction.[1]

<u>Factual Background and Procedural History</u>

On January 12, 2000, following a jury trial, movant was convicted of illegal reentry after being deported, in violation of 8 U.S.C. § 1326.  On April 28, 2000, movant was sentenced to a term of 125 months imprisonment.  The judgment of the district court was affirmed on appeal.  *United States v. Faidy*, No. 00-40615 (5th Cir. Aug. 22, 2001).  Movant did not appeal to the United States Supreme Court.

---

[1] This action was originally filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The Ninth Circuit Court of Appeals determined Faidy was challenging the legality of his detention pursuant to 28 U.S.C. § 2255.  Accordingly, the Ninth Circuit transferred the action to this court, the sentencing court, for a determination.  Because movant is confined in the Western District of Texas, this court does not have jurisdiction to entertain a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996, amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations for the filing of a motion to vacate sentence. Title 28 U.S.C. § 2255, as amended, provides in pertinent part the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A prisoner filing a motion to vacate sentence, after the effective date of the AEDPA, but attacking a conviction which became final prior to effective date of the Act, must be accorded a reasonable time within which to file the motion. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998). AEDPA's one-year limitation period is a reasonable amount of time. *Id.*

Subparagraph C provides that the one-year period commences from the date on which the Supreme Court initially recognizes a new

constitutional right and makes the right retroactively applicable to cases on collateral review. *See* Subparagraph (C) of § 2255.

Movant's conviction became final November 22, 2001. Thus, the one-year limitations period expired November 22, 2002. Movant did not file this § 2255 motion until April 5, 2006. Therefore, movant's § 2255 motion is clearly untimely.

## Conclusion

For the reasons set forth above, this motion to vacate, set aside or correct sentence will be dismissed. A Final Judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the **1** day of **May, 2007.**

_____
Thad Heartfield
United States District Judge